IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE DAVIS LEWIS,

        Plaintiff,

v.                                                                     Civ. No. 02-1550 JH/RHS

DOWNS AT ALBUQUERQUE, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *Plaintiff's Appeal Of Order Denying Her Motion To Deem Admitted* [Doc. No. 27]. In her motion, which is brought under Rule 72(a), Plaintiff Lorraine Lewis ("Lewis") objects to the decision by Magistrate Judge Robert Scott in which he denied her motion that the Court deem her requests for admissions to Defendant Downs At Albuquerque, Inc. ("Downs") to have been admitted. For the foregoing reasons, the objection should be denied and the magistrate's order affirmed.

**STANDARD OF REVIEW**

Under Rule 72(a), a reviewing district court must defer to the magistrate judge's decision unless it is clearly erroneous or contrary to law. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the Court must have a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). To be clearly erroneous, "a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the

force of a five-week-old, unrefrigerated dead fish." *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). With respect to a nondispositive discovery dispute, the district court will overrule a magistrate judge's determination only if the magistrate judge abused his discretion in making that determination. *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568 (D.N.M. 1998) (Hansen, J.) (quoting *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991)). Routine discovery motions, such as the one presently before the Court, are "non-dispositive" within the meaning of Rule 72(a). *Id*.

## FACTUAL BACKGROUND

Lewis filed her Complaint more than two years ago, on December 10, 2002. On June 5, 2003, the Court issued an initial pretrial report setting a discovery deadline of October 27, 2003. Based upon the docket sheet, it appears that during the period of time between June 5 and October 27, 2003, neither party conducted written discovery as there are no certificates of service in the record. On October 28, 2003, Lewis filed an unopposed motion to extend the discovery deadline until December 11, 2003. As grounds for the motion, Lewis's counsel stated that discovery had been delayed while he participated in a month-long trial in another court. On October 29, 2003, Judge Scott granted Lewis's motion to extend discovery deadlines.

However, it appears from the record that Lewis still did not conduct any written discovery until December 10, 2003 (one day before the new discovery deadline), at which time she served her first set of interrogatories and requests for production. Shortly thereafter, Lewis filed a joint motion for a second extension of discovery deadlines on the grounds that "further discovery is necessary to assure the just resolution of this case." As additional grounds for the motion, Lewis stated that

"Defense counsel serves as a Senator in the Senate in the State of New Mexico, as a result, defense counsel will be unavailable from January 20, 2004, to February 19, 2004." On January 15, 2004, the Court granted Lewis's motion and extended discovery until February 9, 2004.

In the meantime, on January 10, 2004, Lewis served Downs with her second set of interrogatories and requests for production, as well as her first set of requests for admission. Lewis contends, and Downs does not dispute, that Downs's responses to these discovery requests were due on February 9, 2004—a date which falls during the period of time when Downs's counsel was unavailable due to his service in the legislature. Prior to that date, Downs's counsel requested of Lewis an extension of time to respond to the discovery requests. By letter dated February 6, 2004, counsel for the Lewis agreed to extend the time to respond to the interrogatories and requests for production, but refused to extend the time for Downs to respond to the requests for admission. Lewis's counsel provided no reason for that refusal, stating only that "[y]ou have had substantial time in which to respond to said requests and since no [sic] errors in that document, I do not see a need for an extension."

By February 19, 2004, Downs still had not responded to the requests for admission, and on that date Plaintiff filed her motion requesting that her requests for admission be deemed to have been admitted. However, Downs did not respond to the motion until July 1, 2004.[1] In that response, Downs stated that it had provided Lewis with responses to all of her discovery requests on March 5, 2004 in accordance to a verbal agreement among counsel, and that such agreement had been based upon the fact that Downs's attorney had been unavailable for an extended period of time. On July 27,

---

[1] Downs's failure to respond to the motion within the time prescribed by the Local Rules is troubling. The Court admonishes Downs that in the future it must adhere to all applicable Local Rules, including deadlines.

3

2004, Judge Scott denied Lewis's motion to deem admitted, stating "[t]he Court accepts Mr. Robinson's explanation that there was a misunderstanding between counsel as to whether or not the extension of deadlines for discovery included or did not include requests for admissions."

## **DISCUSSION**

The Court finds no clear error in Judge Scott's denial of the motion to deem admitted. First, the parties presented differing accounts of the discussions between counsel as to the deadlines to be imposed for responding to the written discovery. Counsel for Downs stated that he had a different understanding from those verbal discussions than did Lewis's counsel. That such a misunderstanding might arise between the parties is not difficult to believe where there are multiple written discovery requests pending, the attorneys are communicating by phone, and one party is out of town for legislative service. Under such circumstances, it was not an abuse of discretion to take Downs' counsel at his word, and it would be inequitable to hold that Downs had judicially admitted each of Lewis's requests for admission.

Second, Lewis has suffered no prejudice as a result of the denial of her motion. Lewis argues that she has been prejudiced by the ruling because "any withdrawal now would leave Plaintiff at as complete disadvantage to prove the elements of her case, thereby diminishing the likelihood of her prevailing on the merits of her case." This argument is unconvincing. Lewis did receive responses to her requests for admission on March 5, 2004, less than a month after their original due date of February 9, 2004. She also received Downs's responses to interrogatories and requests for production on that same date, yet she does not contend that receiving those papers on March 5 caused her any prejudice. This inconsistency undermines Lewis's position. Further, on November

4

15, 2004, Judge Scott cured any prejudice to Lewis that previously might have existed when he entered an Order permitting her to serve Downs with an additional 25 interrogatories and 25 requests for production, as well as allowing her to conduct an additional deposition.

Third, Lewis's actions in this matter do not justify granting her motion. Early in the case, Lewis delayed in conducting her discovery, resulting in two separate requests for extensions of the discovery period. In fact, as grounds for her first request, Lewis stated that her counsel had been tied up in a month-long trial in another Court. The Court acquiesced in both requests and granted Lewis's motions, and Lewis obtained the extensions she needed. In contrast, Lewis refused to grant a similar extension to Downs, even though her counsel knew in advance that Downs's attorney would be unavailable on February 9, the date the discovery responses were due. The Lawyer's Creed of Professionalism of the State Bar of New Mexico states: "In litigation proceedings I will agree to reasonable requests for extensions of time or for waiver of procedural formalities when the legitimate interests of my client will not be adversely affected." Lewis' counsel was well aware that Down's attorney would be serving in the Legislature from January 20 to February 19, 2004 (a fact that Lewis cited in her second motion for extension of the discovery deadline), yet Lewis failed to provide either Downs or this Court with a legitimate reason for her counsel's failure to grant an extension of time to respond to the requests for admission. That omission is glaring, particularly in light of the fact that Lewis was willing to grant an extension for the accompanying interrogatories and requests for production.

Judge Scott committed no abuse of discretion, and his Order should be affirmed.

5

IT IS THEREFORE ORDERED that *Plaintiff's Appeal Of Order Denying Her Motion To Deem Admitted* [Doc. No. 27] is DENIED.

_____
UNITED STATES DISTRICT JUDGE