IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE DAVIS LEWIS,

        Plaintiff,

v.                                                                     Civ. No. 02-1550 JH/RHS

DOWNS AT ALBUQUERQUE, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's *Motion For Extension Of Time In Which To File An Amended Answer And Second Motion For Leave To File Amended Answer* [Doc. No. 69] and *Defendant's Motion And Memorandum Brief In Support Of Defendant's Motion For Summary Judgment* [Doc. No. 71]. Both motions will be granted.

**I.     MOTION FOR LEAVE TO AMEND**

On February 2, 2005, Defendant filed its *Motion For Extension Of Time In Which To File An Amended Answer And Second Motion For Leave To File Amended Answer* [Doc. No. 69]. The motion stated that Plaintiff's counsel opposed the motion. However, Plaintiff failed to respond to the motion or to request an extension of time in which to respond. Because leave to amend should be liberally granted and because Plaintiff has offered no reason why Defendant should not be permitted to amend, Defendant's motion will be granted. Defendant attached as Exhibit A to the motion its proposed Amended Answer. The Court will deem the Amended Answer to have been filed as of that date, February 2, 2005.

## II.     MOTION FOR SUMMARY JUDGMENT

On February 4, 2005, Defendant filed its motion for summary judgment on all of Plaintiff's claims in this case. Because Defendant served the motion by mail and because of the intervening federal holiday, Plaintiff's response was due no later than February 22, 2005. However, as of this date Plaintiff has neither responded to the motion nor requested an extension of time in which to respond.[1] As a result of Plaintiff's failure to file a response within the time specified by the local rule, she has waived the right to file a response and confessed all facts asserted and properly supported in the summary judgment motion. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199-1200 (10th Cir. 2002). However, Plaintiff's waiver does not relieve this Court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c). *Id. See also Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002). Accordingly, the Court will determine whether Defendant has met its "initial responsibility" of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law.

### A.     Facts

The material facts of this case, as supported by the affidavits, deposition testimony, and other evidence on file, are as follows. Plaintiff was employed by Defendant as a security guard. In the early afternoon of October 28, 2001, Plaintiff was on duty in the casino at the Downs at Albuquerque. Her job duties included checking bags, purses, and identification at the main entrance of the casino. The purpose of this was to help ensure the safety and security of the casino's customers. Frank Troup is the Security Manager for Defendant. He supervises all of the security guards, including Plaintiff.

---

[1]Plaintiff also failed to file responses to Defendant's *Motion for Leave to File Amended Pretrial Order and Answer* [Doc. No. 55], and Defendant's *Motion to Enforce Order Granting Motion to Compel* [Doc. No. 68], despite having expressed objections to those motions.

On October 28, 2001, Troup received a complaint that for several minutes Lewis had abandoned her post at the main entrance of the casino, thereby allowing several patrons to enter the casino without being stopped and searched. Troup also received a complaint that Lewis was speaking to a jackpot winner and had reached into the jackpot winner's purse. Two separate security cameras inside the casino recorded these events on videotapes, which were maintained for 30 days. After that time, a copy of the relevant portion of each tape was made, and the original tapes were returned to the tape rotation cycle. After reviewing the videotape and written statements regarding Plaintiff's conduct, D. Craig Smith, Casino Manager for the Downs at Albuquerque, determined that Plaintiff had been derelict in her duties and made the decision to terminate her employment. Smith ordered Troup to inform Plaintiff of his decision.

      **B.**      **Title VII Claim**

The threshold issue before the Court is whether Plaintiff timely filed this action. A plaintiff must initiate litigation on Title VII claim within ninety days from the date she receives a "right to sue" letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The right to sue letter itself informs potential plaintiffs of this deadline. Defendant's Ex. E at p. 2. The Tenth Circuit has stated that the 90-day time limit for a plaintiff in a Title VII action to file suit in federal court is not a jurisdictional prerequisite; rather, it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (citing *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)).

In this case, the evidence before the Court is that the EEOC mailed the right to sue letter to Plaintiff on August 28, 2002. Defendant's Ex. E. However, the record is devoid of evidence as to when Plaintiff received the letter. In the absence of information as to when a plaintiff has received

3

a final agency decision or a right to sue letter, the Supreme Court, relying on Federal Rule of Civil Procedure 6(e), presumes that the notice was received three days after it was mailed. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1, 104 S. Ct. 1723, 1724 (1984). Both the Tenth Circuit and various district courts within this circuit have applied this three-day presumption in various contexts. *See, e.g., Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994); *Palmer v. Sprint/United Midwest Mgmt. Servs. Co.*, No. 96-2503-GTV, 1997 WL 383065 (D. Kan. June 18, 1997); *Bergman v. Sprint/United Mgmt. Co.*, 981 F. Supp. 1399, 1402 (D. Kan. 1997). However, other courts have used a common-law presumption of receipt five days after mailing. *See, e.g., Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986); *Washington v. Foresman*, 148 F.R.D. 241, 244 (N.D. Ind. 1993); *Wagher v. Guy's Foods, Inc.*, 768 F. Supp. 321, 323 (D. Kan. 1991).

In the interest of equity and fairness, the Court will presume that Plaintiff received the right to sue letter five days after the EEOC mailed it—on September 4, 2002.[2] However, even under this more liberal construction of events, Plaintiff's complaint was untimely. Ninety days after September 4, 2002 is December 3, 2002. Plaintiff's complaint was filed one week later on December 10, 2002. Therefore, Defendant is entitled to summary judgment on Plaintiff's claim under Title VII.[3]

### C.     Spoliation Claim

New Mexico recognizes a cause of action for intentional spoliation of evidence. In order to prevail on an intentional spoliation of evidence theory, a plaintiff must allege and prove the following:

---

[2] In counting the five days for mailing, the Court has omitted the intervening Sunday and Labor Day holiday.

[3] Having found Plaintiff's Title VII claim to be untimely, the Court need not reach the issue of whether Plaintiff's claim would survive on the merits.

(1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages. *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 649, 905 P.2d 185, 189 (1995), *overruled on other grounds, Delgado v. Phelps Dodge Chino*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148.

As grounds for her spoliation claim, Plaintiff alleges that Defendant destroyed the surveillance videotape, which would have exonerated her of the accusation that she had improperly left her post. Complaint at ¶¶ 8-9. However, Defendant has produced the uncontroverted affidavit of Jaye C. Gardiner, Manager of the Defendant's Surveillance Team. (Defendant's Ex. C). In that affidavit, Gardiner states that he copied portions of two separate surveillance videotapes showing Defendant during times relevant to this case onto a single tape for convenience, while the original tapes were recycled according to Defendant's policies and procedures. Id. at ¶¶ 9-13. He also states that the copy of the two videotapes is accurate and has not been tampered with. Id. at ¶¶ 17-18. Finally, Gardiner states that during the 30 days that he maintained the original video tapes and at the time he copied them, he was not aware of a lawsuit or the potential of a lawsuit by Plaintiff. Id. at ¶ 14.

Based on the foregoing, there is no genuine issue of material fact on the second or third elements of the tort of spoliation of evidence. According to the uncontroverted affidavits before the Court, the evidence at issue was preserved by the creation of the copy of the two tapes, and there is no evidence in the record to support an allegation that the preservation of the evidence in this manner constitutes "destruction, mutilation, or significant alteration." Accordingly, summary judgment on this claim is appropriate as well.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

(1) Defendant's *Motion For Extension Of Time In Which To File An Amended Answer And Second Motion For Leave To File Amended Answer* [Doc. No. 69] is GRANTED;

(2) *Defendant's Motion And Memorandum Brief In Support Of Defendant's Motion For Summary Judgment* [Doc. No. 71] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE